IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| TEREEQ MUHHAMAD AKBAR, #1097127 § | |
| § | |
| v. § | CIVIL ACTION NO. G-07-031 |
| § | |
| A. CASTILLO, Warden of TDCJ-CID § | |
| § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Tereeq Muhhamad Akbar, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 56th Judicial District Court of Galveston County, Texas. Petitioner indicates that while he was on probation, he was charged with the offense of unlawful possession of a firearm or weapon by a felon in Cause Number 03-CR-2507. Petitioner claims that while he moved the trial court to suspend the hearing on the motion to revoke probation until such time as he was afforded a trial before a jury on the new offense charge, the court denied his request and revoked his probation in September 2004. Petitioner brings this federal writ Petition alleging that the trial court revoked his probation before he received a jury trial on the new offense charged.

Texas law provides that if a person is on probation and he is charged with the commission of a criminal offense, the revocation hearing may be held before, simultaneous with or after the trial for the offense and the defendant does not have the right to determine the order of the respective proceedings. *Bradshaw v. State*, 518 S.W.2d 548, 549 (Tex.Crim.App. 1975). The evidence at the

1

revocation hearing must show that the defendant violated the laws of Texas. *Williams v. State*, 591 S.W.2d 873, 876 (Tex.Crim.App. 1979). However, unlike the burden of proof required of the State at a trial on the substantive offense where guilt must be established beyond a reasonable doubt, a finding of probation violation need only be proven by a preponderance of the evidence. *Solis v. State*, 589 S.W.2d 444, 447 (Tex.Crim.App. 1979). Having conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that Petitioner fails to allege any underlying constitutional violation and, accordingly, **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Tereeq Muhhamad Akbar (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Petitioner. Petitioner **SHALL** have until **April 6, 2007,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections **SHALL** be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____15th_____ day of March, 2007.

_____
John R. Froeschner
United States Magistrate Judge

2